UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>I. ROSALES, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00219-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT RILEY SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECT SERVICE**<br><br>**21-DAY DEADLINE** |

　　　　Plaintiff Nathan Hunter is a state prisoner appearing *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. (Doc. 1.) This action proceeds on Plaintiff's Eighth Amendment excessive force and failure to protect claims against Defendants R. Covarrubias, R. Figueroa, J. Gaurdodo-Mendez, C. Riley, I. Rosales, and R. Volker.

**I.　　RELEVANT PROCEDURAL BACKGROUND**

　　　　On February 28, 2023, the Court issued its Order Finding Service of Complaint Appropriate. (Doc. 7.) Service was to be effected using the Court's e-service pilot program. (*Id*. at 2.) The Order included the following information regarding Defendant Riley: "C. Riley, allegedly employed as a correctional officer at Kern Valley State Prison on November 18, 2019." (*Id*.)

　　　　On April 19, 2023, the Court received a notice of intent not to waive personal service as to

Defendants C. Riley and R. Volker.[1] (Doc. 17.) On May 23, 2023, the United States Marshal advised the Court that service could not be effected on Defendant C. Riley. (Doc. 21.) Riley was apparently no longer employed by the California Department of Corrections and Rehabilitation ("CDCR") and the last known address for Riley—a residential address in Bakersfield—was no longer valid. (*Id.*) The current tenant of that residence advised the United States Marshal that Riley had not lived at that address for five years. (*Id.*)

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

---

[1] Waivers of Service were returned executed as to Defendants Covarrubias, Figueroa, Gaurdodo-Mendez, Rosales and Volker. (Docs. 18 & 22.) Further, a responsive pleading is due to be filed on behalf of these Defendants no later than July 27, 2023. (*See* Doc. 25 [order granting extension of time to file responsive pleading].)

Here, the United States Marshal has attempted to serve Defendant Chad Riley. The Marshal was advised that Riley was no longer employed by CDCR, and investigation revealed Riley no longer lived at his last known address in Bakersfield. Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's complaint on Defendant Riley. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate this individual, Defendant Riley shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Riley should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in locating Defendant Riley for service of process.

### III.  ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Riley should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **August 7, 2023**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE