UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>I. ROSALES, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00219-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 29)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION AND TO DISMISS DEFENDANT C. RILEY FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>(Doc. 30)<br><br>Clerk of the Court to Assign District Judge |

      Plaintiff Nathan Hunter is a state prisoner appearing pro se and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force and failure to protect claims against Defendants R. Covarrubias, R. Figueroa, J. Guardado-Mendez,[1] C. Riley, I. Rosales, and R. Volker.

    **I.    RELEVANT PROCEDURAL BACKGROUND**

      On February 28, 2023, the Court issued its Order Finding Service of Complaint Appropriate. (Doc. 7.) Service was to be effected upon Defendants Covarrubias, Figueroa, Guardado-Mendez, Riley, Rosales, and Volker using the Court's e-service pilot program. (*Id*. at

---

[1] Sued erroneously as "Gaurdodo-Mendez."

2.) On April 19, 2023, the Court received a notice of intent not to waive personal service as to Defendants C. Riley and R. Volker.[2] (Doc. 17.) On May 23, 2023, the United States Marshal advised the Court that service could not be effected on Defendant C. Riley. (Doc. 21.)

On August 8, 2023, the Court issued its Order to Show Cause ("OSC") Why Defendant Riley Should Not Be Dismissed From This Action for Failure to Provide Sufficient Information to Effect Service. (Doc. 29.) The OSC noted that Defendant Riley was no longer employed by the California Department of Corrections and Rehabilitation ("CDCR") and that the last known address for Riley—a residential address in Bakersfield—was no longer valid. (*Id*. at 2.) Thus, the Marshal's attempt to serve Defendant Riley was unsuccessful. (*Id*. at 3.) As a result, Plaintiff was advised he had failed to provide the Marshal with accurate and sufficient information to effectuate service. (*Id*.) Plaintiff was afforded the opportunity to show cause why Riley should not be dismissed from this action, including "providing additional information that will assist the United States Marshal in locating Defendant Riley for service of process." (*Id*.) The OSC directed Plaintiff to do so within 30 days of the date of service of the order. (*Id*.)

On August 28, 2023, Plaintiff filed a document titled "Plaintiff Motion to Keep C. Riley as Defendant on this Civil Rights Action." (Doc. 30.)  On that same day, Defendants Covarrubias, Figueroa, Guardado-Mendez, Rosales, and Volker filed an answer to the complaint. (Doc. 31.)

**II.    DISCUSSION**

As Plaintiff was previously advised, Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because Defendant Riley has not been timely served with the summons and complaint, and Plaintiff has not provided the Court with sufficient information to effect service of

---

[2] Waivers of Service were returned executed as to Defendants Covarrubias, Figueroa, Guardado-Mendez, Rosales and Volker. (Docs. 18 & 22.)

2

process on Riley by the United States Marshal, this Court will recommend Plaintiff's motion be denied and that Defendant Riley be dismissed from this action without prejudice.

Plaintiff's motion or response to the OSC seeks to "Keep C. Riley" as a named defendant in this action. (Doc. 30.) Under the subheading titled "Cause," Plaintiff asserts five reasons for his contention Defendant Riley should not be dismissed from this action:

1. Riley was employed by CDCR at Kern Valley State Prison ("KVSP") on November 24, 2019,[3] and violated Plaintiff's rights under the Eighth Amendment
2. Plaintiff directs "the Court to Document 11 Page 2 Line 20 'Plaintiff need not attempt service on the defendant and not request waiver of service. Any presonlly [sic] information of the named defendants in this civil rights action outside of these names, Plaintiff believe by participate in E-service pilot program was set up to address these [indecipherable] including cost and time'"
3. Plaintiff objects to the finding he provided the United States Marshal with inaccurate and insufficient information to effect service of the summons and complaint. He states "[o]utside of providing there [sic] names Defendants all presonllay [sic] information come from CDCR and OAG"
4. Plaintiff has not been provided "any information when Defendant C. Riley stop being employed by CDCR at KVSP or how long the other parties was aware of the information during the time extent CDCR request and the two time request by OAG office"
5. Plaintiff requests Defendant Riley remain a named defendant "because Defendant C. Riley was part of attack with the other named Defendants that [resulted] in Plaintiff suffer serious injury and violating Plaintiff civil rights"

(Doc. 30 at 2-3.) None of these reasons address the Marshal's inability to personally serve a defendant it cannot locate.

---

[3] Plaintiff's complaint states the events giving rise to his excessive force claims occurred on "November 18th, 2019." (*See* Doc. 1 at 3.)

3

First, the fact Riley was employed by CDCR at the time of the incident giving rise to Plaintiff's claim does not override the requirement that this Court "must dismiss the action without prejudice against" a defendant who has not been served with the complaint. Fed. R. Civ. P. 4(m).

Second, the Court is unclear regarding Plaintiff's reference to "Document 11 Page 2 Line 20." The eleventh entry on the docket is the CDCR's request for an extension of time within which to file a notice of e-service waiver—it is an unlined, single page document. The e-service pilot program eases a pro se civil rights plaintiff's burden regarding service of process; it does not omit or change the fact Plaintiff is required to provide adequate and sufficient information to ensure the United States Marshal can effect service on a named defendant. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of process, a district court's dismissal of unserved defendant is appropriate); *Howard v. Encinas*, No. 1:18-cv-01710-DAD-EPG (PC), 2020 WL 2489634, *2 (E.D. Cal. May 14, 2020) ("As Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of summons and complaint on defendant Leno and W. Hanna," where the institution of confinement at the time of the incident reported neither "Leno" nor "W. Hanna" was employed at that institution, the Court recommended dismissal of those defendants) (recommendation adopted July 10, 2020, 2020 WL 3893633); *McDermid v. Villanueva*, No. EDCV 15-1853 JGB (AS), 2020 WL 1979271, *8, n. 18 (C.D. Cal. Mar. 13, 2020) ("dismissal pursuant to Rule 4(m) is still appropriate because Plaintiff, after being informed that Defendant Villanueva no longer worked for the BOP, failed to provide the Marshal with sufficient information to serve Defendant Villanueva") (recommendation adopted April 17, 2020, 2020 WL 1975026).

Third, Plaintiff contends he provided the names of the involved defendants and any additional information should come from "CDCR and OAG." The CDCR provided additional information concerning "C. Riley"—it indicated Defendant Chad Riley has "Separated service" and was no longer employed by CDCR. (Doc. 17.) The United States Marshal then attempted to serve Riley at the last known address provided to it consisting of a residential street address in

Bakersfield; they were advised Riley no longer lives at the address and had not lived at that address for five years. (Doc. 21.)

Fourth, Plaintiff contends that because he has not been provided "any information when Defendant C. Riley stop being employed by CDCR at KVSP" or the length of time that information was known to "the other parties," this amounts to good cause for the retention of Defendant Riley in this action. The Court does not agree. The length of time since Riley's separation from service at CDCR or how long CDCR has known that information is not relevant. The fact remains that Defendant Riley cannot be served with the summons and complaint until Plaintiff provides some additional identifying information. The United States Marshal has exhausted the available avenues for attempting to locate and serve Defendant Riley. It is Plaintiff's obligation to provide information necessary to identify and locate a given defendant which Plaintiff has not done and apparently is unable to do.

Finally, Plaintiff contends Defendant Riley should remain a part of the action because he was "part of attack with the other named Defendants" giving rise to Plaintiff's complaint. The Court is not seeking to dismiss Defendant Riley because he was not involved in the events of November 2019. The Court recommends that Defendant Riley be dismissed because service of process has not been and cannot be effected upon him. Fed. R. Civ. P. 4(m).

In sum, because Plaintiff has failed to provide adequate and sufficient information to effect service of process upon Defendant C. Riley, dismissal of Defendant Riley for a failure to serve is recommended.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, **IT IS HEREBY ORDERED** that:

1. The OSC issued August 8, 2023 (Doc. 29) is **DISCHARGED**; and
2. The Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, for the reasons given above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Motion to Keep C. Riley as Defendant" (Doc. 30) be **DENIED**; and
2. Defendant Riley be **DISMISSED** from this action, without prejudice, pursuant to Rule

5

4(m) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 29, 2023**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

6